```
___ FILED      ✓ LODGED
___ RECEIVED   ___ COPY

      JAN 1 6 2020

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY
```

MICHAEL BAILEY
United States Attorney
District of Arizona

MONICA B. KLAPPER
Assistant U.S. Attorney
Arizona State Bar No. 013755
Monica.Klapper@usdoj.gov

GARY M. RESTAINO
Assistant U.S. Attorney
Arizona State Bar No. 017450
Gary.Restaino@usdoj.gov

Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-19-00411-002-PHX-DJH |
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| 2. Heriberto Octavio Cruz, | |
| Defendant. | |

The United States and Defendant Heriberto Octavio Cruz agree to dispose of this matter on the following terms and conditions:

**1.    PLEA**

Defendant will plead guilty to an information charging sale of unregistered securities, a class D felony in violation of 15 U.S.C. § 77e.

**2.    MAXIMUM PENALTIES**

A violation of 15 U.S.C. § 77e is punishable by a maximum fine of either $10,000, a maximum term of imprisonment of 5 years, or both; and a term of supervised release of 3 years. The maximum term of probation is 5 years.

    a.    According to the Sentencing Guidelines issued pursuant to the Sentencing

Reform Act of 1984, the Court shall order Defendant to:

  (1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

  (2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

  (3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

  (4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

 b. The Court is required to consider the Sentencing Guidelines in determining Defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction, unless there are stipulations to the contrary that the Court accepts.

 c. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Defendant understands that Defendant's guilty plea and conviction for this offense might result in his removal or deportation from the United States. Defendant agrees that Defendant has discussed this eventuality with Defendant's attorney. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is Defendant's removal from the United States.

**3. AGREEMENTS REGARDING SENTENCING**

 a. Stipulations. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant stipulate to the following:

(1) Defendant's sentence shall not exceed the low end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a). This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement precludes Defendant from moving for a downward departure, variance, or sentence below the cap, or prevents the Court from imposing a sentence below the cap.

(2) Defendant shall forfeit any professional licenses or certificates related to the purchase or sale of securities and shall not re-apply for any such licenses or certificates. Additionally, Defendant shall not engage in the purchase or sale of securities on behalf of third parties or directly or indirectly engage in promotional activities related to the purchase or sale of securities.

b. Restitution. Pursuant to 18 U.S.C. § 3663 and/or 3663A, Defendant specifically agrees to pay full restitution, regardless of the resulting loss amount – but in no event more than $311,451 – to all victims directly or proximately harmed by Defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw Defendant's guilty plea or to withdraw from this plea agreement.

c. Assets and Financial Responsibility. Defendant shall make a full accounting of all assets in which Defendant has any legal or equitable interest. Defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). Defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to Defendant in order to evaluate Defendant's ability to satisfy any financial obligation imposed by the Court. Defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and

prior to the termination of Defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, Defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

        d.     **Acceptance of Responsibility.** If Defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding Defendant's commission of the offense, and if Defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If Defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

**4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

        a.     Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss the indictment as to Defendant.

        b.     This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

        a.     If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give Defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

        b.     If Defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute Defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, Defendant waives any and all objections, motions, and defenses based upon the statute of limitations, the Speedy Trial Act, or constitutional restrictions in bringing

later charges or proceedings. Defendant understands that any statements made at the time of Defendant's change of plea or sentencing may be used against Defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

Defendant waives: (1) any and all motions, defenses, probable cause determinations, and objections that Defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against Defendant, or any aspect of Defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion Defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7.     DISCLOSURE OF INFORMATION**

a.     The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.     Any information, statements, documents, and evidence that Defendant provides to the United States pursuant to this agreement may be used against Defendant at any time.

c.     Defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)     criminal convictions, history of drug abuse, and mental illness; and

(2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.   FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect Defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property Defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not limit the methods available to the United States to enforce the judgment.

**9.   ELEMENTS**

**Sale of Unregistered Securities**
**(15 U.S.C. § 77e)**

Between about October of 2014 and January of 2016, in the District of Arizona and elsewhere:

1. Defendant sold an unregistered security;
2. Defendant sold the unregistered security through electronic mail; that is, through interstate wire communications; and
3. Defendant sold the unregistered security in a knowing and willful fashion; that is, with the knowledge that the security was required to be registered or with deliberate ignorance of the registration requirements.

**10.   FACTUAL BASIS**

a.    Defendant admits that the following facts are true and that, if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable

doubt:

Between about October of 2014 and January of 2016, acting through RioRoca Holdings, LLC, a company owned and controlled by me, I was the named owner of Greenway Design Group, Inc. (GDGI). In that position, I sold the unregistered micro-cap stock of GDGI knowing that it was required to be registered with the SEC. For example, on March 12, 2015, I sold 68M shares of GDGI stock to J.K. and 68M shares of GDGI stock to Co-Defendant David Loflin, knowing those shares were not registered with the SEC. In doing do, I used e-mail, which I understand to be an interstate means of wire communication.

b. Defendant swears under oath to the accuracy of this statement and, if Defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in Defendant's testimony may subject Defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF DEFENDANT**

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than

the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

1/16/2020
Date

Heriberto Octavio Cruz
Defendant

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised Defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional

and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with Defendant. No assurances, promises, or representations have been given to me or to Defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

1-16-20
Date

Marc Victor
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

1-16-20
Date

Monica B. Klapper
Gary M. Restaino
Assistant U.S. Attorneys

**ACCEPTANCE BY THE COURT**

Date

Honorable Diane J. Humetewa
United States District Judge